UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X #211080
(a/k/a CURTIS FULLER),

        Plaintiff,

                              CASE No. 2:21-CV-12141
v.                        HON. GEORGE CARAM STEEH

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING COMPLAINT AND DENYING
MOTION FOR WAIVER OF FEES AND COSTS (ECF NO. 2) AND
MOTION FOR SUMMONS OF COMPLAINT (ECF NO. 3)</u>**

**I.**

Plaintiff raleem-x[1] (a/k/a Curtis Fuller)[2] has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan. In addition to his complaint, filed August 27, 2021,

---

[1] Plaintiff has exhibited a clear preference his name be presented in lowercase. (Pet., ECF No. 1, PageID.34.)

[2] The Court obtained the plaintiff's other name from prior civil cases as well as from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court may take judicial notice. <u>Ward v. Wolfenbarger</u>, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

-1-

plaintiff filed a motion for waiver of fees and costs (ECF No. 2), and a motion for summons of complaint due to his indigent status. (ECF No. 3.)

Upon review of the plaintiff's case and his litigation history in the federal courts, this Court concludes that the civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The plaintiff's motions will also be denied.

## II.

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[.]" See also Owens v. Keeling, 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to pay the filing fee when he filed his complaint, instead filing a motion for waiver of fees and costs. (ECF No. 2.)

The Prison Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). See also In Re Prison Litigation Reform Act, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See Miller v.

Campbell, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). However, a prisoner seeking to proceed without prepaying the necessary fees and costs may not do so if on three or more occasions a federal court has dismissed previous complaints because they were frivolous, malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); Edwards v. Gaul, 40 F. App'x 970, 971 (6th Cir. 2002).

### III.

In a prior civil action by the same plaintiff, this Court identified four civil rights complaints which were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. See Raleem-X v. Brown, No. 2:16-CV-11899, 2016 WL 3197579, at *1 (E.D. Mich. June 9, 2016) (citing Fuller v. Gerth et al., No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012); Fuller v. Huss et al., No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012); Fuller v. Bouchard, No. 2:04–cv–35 (W.D. Mich. Apr. 2, 2004); aff'd, No. 04–2217 (6th Cir. Sept. 30, 2005); Fuller v. Calvin et al., No. 2:00–cv–225 (W.D. Mich. May 29, 2001); aff'd, 28 Fed. Appx. 390 (6th Cir. 2002)).

In addition to the Court's 2016 order in Raleem-X v. Brown, the plaintiff has been denied leave to proceed in forma pauperis numerous times under 28 U.S.C. § 1915(g). See Raleem-X v. Borgerding, No. 2:19-

CV-11477, Docket No. 5 (E.D. Mich. June 17, 2019)) (Order); Fuller v. Washington, No. 18-CV-13173, 2019 WL 1294128, at *1 (E.D. Mich. Mar. 21, 2019), appeal dismissed, No. 19-1695, 2020 WL 3429463 (6th Cir. Jan. 15, 2020); Raleem-X v. Borgerding, No. 16-CV-12234, 2016 WL 4800877, at *1 (E.D. Mich. Sept. 14, 2016) (citing Fuller, et al. v. PCS Daily Dial Phone Co., No. 16-CV-11960, 2016 WL 3549481 (E.D. Mich. June 30, 2016); Raleem-X v. Brown, No. 16-cv-10305, 2016 WL 465487 (E.D. Mich. Feb. 8, 2016); Fuller v. PCS Daily Dial Phone Co., No. 2:15-cv-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); Fuller v. Sherve, No. 1:12-cv-861, 2014 WL 1347430 (W.D. Mich. Apr. 4, 2014); Fuller v. Caruso, No. 2:12-cv-480, 2013 WL 1830856 (W.D. Mich. Apr. 30, 2013)).

Plaintiff is clearly a "three-striker" who cannot proceed without prepaying the filing fee. Nor does he qualify for the only exception to the three-strikes rule, for which a prisoner must show he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet this exception, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008) (citations omitted). An assertion of past dangers will not qualify. Id. at 797–98. The

imminent danger must be contemporaneous with the complaint's filing. See Vandiver v. Vasbinder, 416 F. App'x 560, 562 (6th Cir. 2011).

The plaintiff claims his religious rights under the First and Fourteenth amendments have been violated by his improper designation as a member of a Security Threat Group (STG). (See, e.g., Pet., ECF No. 1, PageID.5, 12, 19, 20.) He asserts that because of that status and/or because of his religious beliefs, he has been denied privileges, harassed, threatened, and subject to false misconduct charges. (See, e.g., id. at PageID.4, 10, 13, 15, 18.)

However, the plaintiff's allegations do not appear to be contemporaneous to the filing of his complaint. His most recent dated factual allegation occurred in May 2018. (Id. at PageID.18-19.) Undated allegations which follow describe the consequences of his STG status, including ineligibility for a work assignment and the denial of a loan to purchase personal hygiene supplies. (Id. at PageID.20-21.) None of these claims indicate the plaintiff is under a current threat of serious physical harm.

The plaintiff's most egregious allegation is that six white corrections officers beat him while he was handcuffed. (Id. at PageID.20.) However, he does not indicate when or where the incident occurred, and provides no

facts which would lead the Court to conclude he remains under threat of another such assault. And again, assertions of past dangers are "'insufficient to invoke the [imminent danger] exception.'" Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (citing Rittner, 290 F. App'x at 797–98) (other citations omitted).

## IV.

Accordingly, the plaintiff's motion for waiver of fees and costs (ECF No. 2) is **DENIED** and the complaint **DISMISSED** pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the plaintiff filing a new complaint, but he must first pay all fees and costs.

The plaintiff's motion for summons of complaint (ECF No. 3) is also **DENIED**.

Finally, the Court concludes that because it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g), an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated:  September 29, 2021

>                s/George Caram Steeh
>                GEORGE CARAM STEEH
>                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2021, by electronic and/or ordinary mail and also on raleem-x a/k/a Curtis Fuller #211080, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive Muskegon Heights, MI 49444.

s/Brianna Sauve
Deputy Clerk