UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X (a/k/a CURTIS FULLER),
#211080

        Plaintiff,

                              CASE No. 2:21-CV-12141
v.                          HON. GEORGE CARAM STEEH

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (ECF NO. 7)</u>**

Plaintiff raleem-x[1] (a/k/a Curtis Fuller)[2] filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff is a state prisoner currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan. In addition to his August 27, 2021 complaint, the plaintiff filed motions for waiver of fees and costs and for summons of complaint due to his indigent status. (ECF Nos. 2, 3.) On September 29,

---

[1] The plaintiff has exhibited a clear preference his name be presented in lowercase. (Pet., ECF No. 1, PageID.34.)

[2] The Court obtained the plaintiff's other name from prior civil cases as well as from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court may take judicial notice. <u>Ward v. Wolfenbarger</u>, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

2021, the Court denied the plaintiff's motions and dismissed the complaint because of his status as a "three-striker" under the Prison Litigation Reform Act, which renders him ineligible to file without prepayment of fees and costs. (ECF No. 5.)

Now before the Court is the plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. (ECF No. 7.) As explained below, the motion will be denied.

Provisions of Rule 60 pertinent to the plaintiff's motion permit a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Local Rule 7.1 also governs motions for reconsideration. It states that a movant must "demonstrate a palpable defect by which the Court and the parties . . . have been misled [and] show that correcting the defect will result in a different disposition of the case." E.D. Mich. R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Michigan Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

The plaintiff has not demonstrated that the Court made a mistake or that any other provision of Rule 60 justifies relief. Nor has he shown a

"palpable error" by which the Court was misled, or that a different outcome would result from correction of any error.

First, the plaintiff argues that in its order of dismissal the Court erroneously "listen[ed] to its sister court in the [W]estern District," and that he had not previously filed three civil rights complaints which fell under the three-strike rule. (Mot., ECF No. 7, PageID.361.) He argues earlier "strikes" in that district were the result of filing errors or voluntary dismissals. (Id. at PageID.362.)

Contrary to the plaintiff's assertions, the Court did not rely entirely on cases from the Federal District Court, Western District of Michigan, in determining the plaintiff was a "three-striker." While disagreeing with the plaintiff's assertion that his Western District cases should not be counted, the Court notes its order listed seven qualifying cases from this district, more than enough to establish his status. (See ECF No. 5, PageID.354-55.)

Next, the plaintiff argues the Court erred in reading his motion for waiver of fees and costs (ECF No. 2) to mean that he sought to proceed in forma pauperis. (ECF No. 7, PageID.362.) He asserts instead that he "only asked to be recognize[d] in Private Sovereign Sui Indigenous[,]" and that he was prepared to pay the filing fee. (Id.)

-3-

The Court did not misread the plaintiff's motion to waive fees and costs, because the motion's prayer for relief requested "[a]ll fees and cost be weaver [sic] in this civil action. . ." (Mot., ECF No. 2, PageID.45.) Although the plaintiff's reasoning was based on assertions of immunity to those fees and his status as Sui Juris Indigenous and a "flesh and bone man" (see, e.g., id. at PageID.44), the plaintiff clearly sought to proceed in this lawsuit without prepaying fees and costs. His inclusion of over 300 pages of his institutional trust fund account (see ECF Nos. 2, 2-1, 2-2, 2-3, 2-4) further indicated an interest in meeting the requirements to proceed without prepaying costs and fees.

Because the plaintiff made that request, Title 28 U.S.C. § 1915, "Proceedings in forma pauperis," applies to him. That includes section 1915(g), which requires dismissal of prisoner complaints if a plaintiff

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g). As noted above, more than three of the plaintiff's previous lawsuits were dismissed pursuant to section 1915(g). Furthermore, for the reasons stated in the Court's order of September 29,

2021, the plaintiff has not demonstrated he is in imminent danger. (ECF No. 5, PageID.355-57.)

Finally, the plaintiff asserts he was only waiting for a case number from the court so he could pay the filing fees. (ECF No. 7, PageID.362.) The Court dismissed this case without prejudice to the plaintiff re-filing his case as a new complaint, if he first pays all fees and costs. (ECF No. 5, PageID.357.) He may still follow that course of action if he chooses.

Accordingly, the plaintiff's motion for reconsideration (ECF No. 7) is **DENIED** and the case remains closed.

**IT IS SO ORDERED.**

Dated: December 6, 2021

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 6, 2021, by electronic and/or ordinary mail and also on Curtis Fuller aka Raleem-X #211080, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/B Sauve
Deputy Clerk